UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amanda Alamia,                                                                   Case No. 3:26-cv-641

           Plaintiff,

    v.                                                                              ORDER

Decorative Paint, Inc.,

           Defendant.

Before me is Plaintiff Amanda Alamia's application to proceed in this action *in forma pauperis* ("IFP").  (Doc. No. 2).

Pursuant to 28 U.S.C. § 1915(a), a court *may* authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, debts and expenses that demonstrates the person is unable to pay the filing fee.  28 U.S.C. § 1915(a)(1).  Proceeding IFP is a privilege, not a right.  *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

An individual need not "be absolutely destitute to enjoy the benefit of the statute."  *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 339 (1948).  Instead, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* (internal punctuation omitted).

"Federal Courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family

members." *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31(RHK/RLE), 2010 WL 502781, at *1 n.1 (D. Minn. Feb 5, 2010) (citing cases). *See, e.g., Shahin v. Sec'y of Del.*, 532 F. App'x 123 (3d Cir. 2013) (holding district court did not abuse its discretion by requiring plaintiff to disclose spouse's assets); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted).

"The income of the party's spouse is particularly relevant and failure to disclose a spouse's income may result in denial of IFP status." *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012), *report and recommendation adopted* 2012 WL 5457383 (E.D. Mich. Nov. 8, 2012) (citing *Onischuk v. Johnson Controls, Inc.,* 192 F. App'x 532, 532-33 (7th Cir. 2006); *Upshur v. M/I Schottenstein Homes, Inc.,* 202 F.3d 262 (Table), 1999 WL 1221393 (4th Cir. Dec. 21, 1999)). *See, e.g., Alexandrowski v. Comm'r of Soc. Sec. Admin.*, No. 3:23-CV-460, 2023 WL 5344664 (N.D. Ohio Aug. 21, 2023) (denying the plaintiff's IFP application because the plaintiff failed to disclose the financial information of her long-term, live-in boyfriend, who fully supported her).

Plaintiff's application to proceed IFP is deficient. First, I conclude there are discrepancies. For example, Plaintiff alleges she spends between $40-$130 per month for "vehicle gas" but does not allege she has a lease payment and states, "0" when prompted to identify "[a]ny automobile" she owns including one "held in someone else's name." (Doc. No. 2 at 1-2). Second, and more importantly, she identifies her husband as a dependent but says nothing of his financial information from which I can determine their collective financial resources.

Before denying Plaintiff's application to proceed IFP, I grant her an opportunity to cure the deficiency. Should Plaintiff seek to proceed IFP, she shall fully complete and file Form AO 239 (the

long form application to proceed IFP) no later than April 30, 2026. If Plaintiff no longer wishes to proceed IFP, she shall file a notice withdrawing her application and pay the full filing fee of $405 on or before April 30, 2026.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge